# EXHIBIT A

Supreme Court Of The State Of New York
County Of Nassau
_____X

INDEX NO. *001929/2017*
DATE FILED: April 4, 2017

BRAMSON HOUSE, INC.,

Plaintiff(s) designate(s)
**NASSAU**
County as the place of trial

*Plaintiff,*

-against-

The basis of the venue is
**Plaintiff's residence and place
business conducted**

B. F. SAUL PROPERTY COMPANY, and
HAY ADAMS HOLDINGS LLC,

Summons

*Defendant(s).*

Plaintiff(s) reside(s) at 151 Albany
Avenue, Freeport, NY 11520

_____X

County of NASSAU

To the above named defendant(s)

You are hereby summoned to answer the complaint in this action and to serve a copy of

your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons,

exclusive of the day of service (or within 30 days after service is complete if this summons is not

personally delivered to you within the State of New York); and in the case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated: April 4, 2017

RECEIVED

APR 0 4 2017

NASSAU COUNTY
COUNTY CLERK'S OFFICE

**GILBERT L. BALANOFF, P.C.**
*Attorneys for Plaintiff*
*Office and Post Office Address*
1539 Franklin Avenue
Mineola, NY 11501-4806
(516) 741-6996

Defendant's Address:
800 16th St. N. W.
Washington, DC 20006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU                                              X

BRAMSON HOUSE, INC.,

       *Plaintiff,*      **VERIFIED COMPLAINT**

  -against-

B. F. SAUL PROPERTY COMPANY and
HAY ADAMS HOLDINGS LLC,     **INDEX No.** 601929/2017

       *Defendants.*

————————————————————————X

  Plaintiff, by its attorneys, Gilbert L. Balanoff, P.C., alleges the following:

1) This is not a consumer credit transaction.

2) Plaintiff is a duly organized corporation existing pursuant to the Laws of the State of New York.

3) Defendant B. F. Saul Property Company (hereinafter sometimes referred to as "BF Saul") is the disclosed agent for Hay Adams Holdings LLC (hereinafter sometimes referred to as "HAH").

4) Upon information and belief BF Saul is the authorized agent of HAH.

5) The business address for the defendants at all times herein set forth is 800 16th St. N.W., Washington, DC 20006.

6) This court has jurisdiction over the defendants pursuant to CPLR §302 in that the defendants conducted business in the state of New York.



RECEIVED

APR 0 4 2017

NASSAU COUNTY
COUNTY CLERK'S OFFICE

1

7) Defendants special ordered goods from plaintiff under their purchase order HA-31812 for the total sum of **$160,769.20** (see **EXHIBIT "A"** appended hereto and made a part hereof).

8) Defendants special ordered goods from plaintiff under their purchase order HA-31938 for the total sum of **$62,281.46** (See **EXHIBIT "B"** appended hereto and made a part hereof).

9) Defendants owe a balance due, after credit for all payments made, for the goods sold, delivered and received under P.O. Order HA-31812, in the sum of **$48,509.84.**

10) Defendants owe a balance due, after credit for all payments made, for the goods sold, delivered and received under P.O. Order HA-31938, in the sum of **$32,532.59.**

11) Due demand has been made.

12) Defendants have refused to pay the balances due.

13) The total amount due on the above P.O.'s is **$81,042.43.**

## AS AND FOR THE FIRST CAUSE OF ACTION

14) Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13 as if fully restated herein.

15) Defendants breached the terms of their contracts.

16) As a result of the breach of contracts, defendants owe plaintiff the sum of **$81,042.43.**

2

## AS AND FOR A SECOND CAUSE OF ACTION

17) Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 as if fully restated herein.

18) Defendants are indebted to plaintiff for the goods, sold delivered and received and retained by defendants in the sum of **$81,042.43**.

## AS AND FOR A THIRD CAUSE OF ACTION

19) Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 as if fully restated herein.

20) Plaintiff served defendants with statements of account showing the balances due.

21) Defendants retained those statements of account without objection.

22) Defendants have failed to pay for the balances shown on those statements of account.

23) As a result of defendants' failures to pay, the defendants owe plaintiff the sum of **$81,042.43**.

WHEREFORE, plaintiff demands judgment against defendants on the first cause of action in the sum of **$81,042.43**; on the second cause of action against defendants in the sum of **$81,042.43**; and on the third cause of action defendants in the sum of **$81,042.43**; together with costs, disbursements and statutory interest.

3

Dated: Mineola, New York
        April 3, 2017

                          Yours, etc.


                          GILBERT L. BALANOFF, P.C.
                          By: Gilbert L. Balanoff
                          1539 Franklin Avenue, Suite 101
                          Mineola, NY 11501
                          (516) 741-6996

4

STATE OF NEW YORK)
COUNTY OF NASSAU  )    ss.:

      **ELLIS ABRAMSON**, being duly sworn deposes and says, that:

      Deponent is the President of Bramson House, Inc., the **plaintiff** in the within action; has read the foregoing **verified complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except for those matters said to be upon information and belief and as to those matters, deponent believes it to be true.

      The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:

ELLIS ABRAMSON

Sworn to before me this
3rd day of April, 2017

Patricia Abramson
Notary Public, State of New York
Registration #01AB6033642
Qualified In Nassau County
My Commiss.on Ex: ... ..., 22  2017
-------NOTARY

# EXHIBIT "A"

**SEND INVOICES TO:**
B. F. Saul Property Company
c/o The Hay Adams/Hay Adams Holdings LLC
800 16th St. NW
Washington, DC      20006
Attn:   Colette E.M. Marquez
*Important: indicate P.O. number on all invoices.
SEND ELECTRONIC INVOICES TO: capitalinvoices@bfsaul.com

| DATE | PURCHASE ORDER NUMBER |
|---|---|
| 08/31/16 | HA - 31812 |

Executed By:   Hotel / Corporate
GENERAL
CATEGORY:   Guestroom Drapery, Headboards &
Canopies Fabrication & Install

**SELLER'S NAME AND ADDRESS:**

| | |
|---|---|
| NAME: | Bramson House Inc. |
| STREET: | 161 Albany Avenue |
| CITY/ST: | Freeport, NY       ZIP:      11520 |
| ATTN: | Barry Silverman - bsilverman@bramsonhouse.com |
| PHONE: | 516-754-6006        FAX:     516-754-4535 |

**SHIP TO:**

| | |
|---|---|
| NAME: | The Hay Adams |
| STREET: | 800 16th St. NY |
| CITY/ST: | Washington, DC      ZIP:   20006 |
| Phone # | 202-638-6600 |
| ATTN: | Colette Marquez |

**Instructions:**
1. Execute below and return via:  invoice-address-above  / pdf file/email
2. Return a copy of your certificate of insurance naming Buyer as an additional insured. (if Applicable)
3. A Partial or Final Waiver of Lien must be executed, notarized and returned to the buyer with each payment request. (if Applicable)
4. All invoices must have a labor and materials breakdown

| PROJECT NUMBER | COST CODE | AMOUNT |
|---|---|---|
| HAY-20 | 35-527 | $152,027.61 |
| HAY-30 | 35-539 | |
| TAX         0.0575 | | $8,741.59 |
| FREIGHT | TBD | $0.00 |
| TOTAL AMOUNT | | $160,769.20 |

**DESCRIPTION**

SCOPE OF WORK: Provide all labor, materials, equipment and services necessary to complete the following work:

| Quantity | Product/Item/Labor | Unit | Cost Per Unit | Total Cost |
|---|---|---|---|---|
| | Per attached proposals | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | Guestrooms | | | 0.00 |
| 27 | 180"W x 108"H | ea | 417.65 | 11,276.55 |
| 70 | 154"W x 109"H | ea | 567.20 | 39,704.00 |
| 33 | 176"W x 108"H | ea | 667.97 | 18,378.50 |
| 35 | 133"W x 109"H | ea | 532.70 | 18,644.50 |
| 37 | 84"W x 108"H | ea | 333.63 | 12,336.72 |
| 11 | 176"W x 109"H | ea | 640.23 | 7,042.76 |
| | | | | 0.00 |
| | King Canopies | | | 0.00 |
| 49 | 60"W x 108"H | ea | 284.00 | 13,916.00 |
| | | | | 0.00 |
| | Queen Canopies | | | 0.00 |
| 27 | 58"W x 105"H | ea | 272.00 | 7,344.00 |
| | | | | 0.00 |
| | Full Canopies | | | 0.00 |
| 35 | 61"W x 18"H | ea | 250.00 | 9,100.00 |
| | | | | 0.00 |
| 7 | Twin Bedskirts | ea | 30.00 | 210.00 |
| | | | | 0.00 |
| 62 | Full Bedskirts | ea | 32.00 | 1,984.00 |
| | | | | 0.00 |
| 34 | Queen Bedskirts | ea | 35.00 | 1,190.00 |
| | | | | 0.00 |
| 65 | King Bedskirts | ea | 37.00 | 2,405.00 |
| | | | | 0.00 |
| 160 | Shower Curtains - 72"W x 77"H | ea | 28.00 | 4,480.00 |
| | | | | 0.00 |
| 215 | Removal Existing Treatment | ea | 50.00 | 10,750.00 |
| | | | | 0.00 |
| | Less 3% Discount | | | -4,701.89 |
| | | | | 0.00 |
| | | | | 0.00 |
| | Sub-Total | | | 152,027.61 |

**ATTACHMENTS:**
1. Purchase Order Terms and Conditions
2. A Partial Waiver of Lien , Final Release & Waiver of Lien and Affidavit

**OTHER:**
Please coordinate all work and deliveries with the General Manager - ALL DELIVERIES MUST GIVE 24 HOUR NOTICE!

**VALUE:**     The value of this purchase order shall not exceed        $160,769.20  without prior written authorization from an officer of the Buyer,
B.F. Saul Property Company. Buyer has the right to terminate this Contract at any time upon written notice to Seller. Seller shall not be
paid for work done after said notice.

* 50% Deposit
**TERMS:** DCC Inc.  30  days
Balance Progressive Bill Net 30 *

| SELLER: | Bramson House Inc. | BUYER: | B. F. Saul Property Company |
|---|---|---|---|
| | | | Agent for Hay Adams Holdings LLC |
| SIGNED: | *(signature)* | BY: | |
| NAME: | Conhollei | NAME: | Mark Carrier |
| | | TITLE: | President |
| TITLE: | Patty Abramson | BY: | |
| | | NAME: | Jim Walsh |
| FED TAX ID: | 11-2338683   CORPORATION (Y) N | TITLE: | Vice President |
| DATE: | 9/15/16 | DATE: | 08/31/16 |

IMPORTANT - THIS ORDER IS NOT VALID UNTIL FULLY EXECUTED BY BOTH PARTIES. This order expressly limits acceptance to the terms
stated, and any additional or different terms proposed by the Seller are rejected unless expressly assented to in writing.

HA - 31812

v1.0 8/31/2016

## TERMS AND CONDITIONS FOR PURCHASE ORDER
### [Purchase of Services]

1.  **ACCEPTANCE OF PURCHASE ORDER:**  This Purchase Order expressly limits acceptance to the terms, conditions and instructions stated herein, and any additional or different terms, conditions or instructions proposed by Seller are hereby rejected unless expressly assented to in writing by Buyer.

2.  **CHANGES:**  This Purchase Order (including the face page to which these Terms and Conditions are attached) contains the entire agreement of the parties.  The parties shall not be bound by or be liable for any other statement, representation, promise, inducement, understanding or amendment or modification of any kind or nature not set forth herein or in a writing signed by both parties.  Any reference to Seller's quotation does not imply acceptance of any term, condition, or instruction contained in such quotation.  No course or prior dealings, no usage of the trade and no course of performance shall be relevant to supplement or explain any term in this Purchase Order or be deemed to effect any modification. Notwithstanding the foregoing, Buyer reserves the right at any time to make changes in specifications and other data incorporated in this Purchase Order or place of performance of services.  All changes shall be made in writing by Change Order to this Purchase Order.

3.  **ASSIGNMENT:**  No assignment of any right, obligation or interest in proceeds or any delegation of duty under this Purchase Order shall be made without the express written consent of Buyer and any attempted assignment or delegation without such consent shall constitute a material breach of this Purchase Order.

4.  **CONTINGENCIES:**  Failure of Buyer to accept performance of services hereunder or portions thereof when due if occasioned by Act of God, fire, explosion, flood, accident, or any circumstance of like character beyond the reasonable control of Buyer, or by labor trouble from whatever cause arising and whether or not the demands of the employees involved are reasonable and within Buyer's power to concede,  and partial or complete suspension of Buyer's operations, shall not subject Buyer to any liability to Seller.  At Buyer's option, the period specified for performance of services hereunder shall be extended by the period of delay occasioned by any such circumstance, and services omitted (or portions thereof) shall be performed during such extension, or the total Purchase Order hereunder shall be reduced by the services (or portions thereof) so omitted.  The provisions of this section shall be effective notwithstanding that such circumstances shall have been operative at the date of this Purchase Order.

5.  **SCOPE:**  The scope of services indicated on the face hereof must not be exceeded without authority in writing being first obtained from Buyer.  Buyer reserves the right to refuse excess services and demand correction of insufficient services.

6.  **MARKUP ON PARTS OR MATERIALS:**  No markup will be allowed on Seller's cost of parts or materials used for the performances hereunder unless included in the price specified on the face page of this Purchase Order or in a writing signed by both parties.

7.  **INSPECTION:**  Except as may otherwise be expressly provided in this Purchase Order, all services shall be subject to final inspection by Buyer after Seller has confirmed to Buyer that the services have been completely performed.  Buyer reserves the right to reject and refuse services that are not performed in accordance with specifications or other data included in this Purchase Order or Seller's warranty (expressed or implied).  Buyer will charge Seller for the cost of inspecting any services rejected.  Buyer may, at Buyer's option, cause any services not accepted to be performed by another party at Seller's expense.  Payment for any services hereunder shall not be deemed an acceptance thereof.

8.  **CANCELLATION:**  Buyer may, by written notice to Seller, cancel the whole or any part of this Purchase Order if Seller (i)fails to perform services required within the time provided under this Purchase Order or any mutually agreed upon extension of time; (ii) fails to perform any of the provisions of this Purchase Order or fails to make progress so as to endanger performance of this Purchase Order in accordance with its terms; (iii) or becomes insolvent or makes an assignment for the benefit of creditors or commits an act of bankruptcy or files or has filed against it a petition in bankruptcy or reorganization proceedings.  In the event Buyer cancels this Purchase Order in whole or in part, Buyer may procure, upon such terms and in such manner as Buyer may deem appropriate, services substantially similar to those so cancelled and Seller shall be liable to Buyer for any excess costs for such similar services, including any damage resulting to Buyer as a consequence of Seller's default.  The rights and remedies of Buyer provided in this section shall not be exclusive and are in addition to any other rights and remedies provided by law or under this Purchase Order.

    Additionally, the Buyer shall have the right to cancel all or any separate part of this Purchase Order by written notice for the sole convenience of the Buyer.  At the time of such notice, the Seller shall discontinue all work pertaining thereto, place no additional purchase orders, and cancel or modify existing orders with suppliers on the best possible terms.  Pending Buyer's instructions the Seller shall preserve and protect material on hand, work in progress, and completed work, of its own and of its suppliers..  The Buyer will reimburse the Seller for all costs accrued as a result of the cancellation for convenience plus ten percent (10%) of such accrued cost as just compensation for overhead and profit, the total not to exceed the contract price.  All materials so covered shall remain the property of the Buyer unless agreed upon otherwise in writing.

9.  **WARRANTY:**  In addition to any warranty in fact or implied by law, Seller hereby expressly warrants that all services covered by this Purchase Order will conform to the specifications, data or other description, furnished or incorporated as a part of this Purchase Order and will be fit and sufficient for the purposes intended, using new material and performed in a good and workmanlike manner and free from defect.  Seller specifically agrees to warrant and guarantee its performance of the services covered by this Purchase Order and to make good, at Seller's expense, any defect in materials or workmanship which may occur or develop.  Seller agrees to indemnify, defend and to hold harmless Buyer against any and all liabilities whatsoever for damages and/or injuries to persons or

*Page 1 of 3*

property which may be incurred by Buyer by virtue of defective materials or workmanship in the services furnished hereunder, including all cost and reasonable attorney's fees incurred. Seller agrees that these warranties shall survive inspection, acceptance and payment for said services. These warranties shall run to the Buyer, its successors, assigns, customers and the users of its customer's products and/or services and Seller agrees to provide directly to the ultimate user written evidence of these warranties as requested. In addition, Seller agrees to indemnify and reimburse Buyer, its successors, assigns, customers and the users of its customers' products and/or services for any cost incurred in enforcement of these warranties and any damage incurred by Buyer in connection with a breach of these warranties.

10. **INVOICES:** Seller shall prepare a separate invoice for each Purchase Order, showing Purchase Order number, cash discount terms, date and location of performance, and Project Name. Send all invoices to the address on the face of this Purchase Order. Payment shall be made against original invoices only.

11. **PRICE AND PAYMENT:** Prices stated on this Purchase Order are firm, not subject to escalation and include all federal, state and local taxes, duties and import surcharges unless otherwise stated. Discount date, or due date, will be calculated from the later of the date the invoice is received by Buyer, or the date the services are completed and are acceptable in accordance with Purchase Order terms, conditions, and instructions. Unless otherwise stated on the face of this Purchase Order, all invoices shall be Net 30 days.

Payment will be made by Buyer upon receipt of Seller's invoice, but only after inspection and acceptance of the services and receipt by Buyer of the executed acknowledgement copy of this Purchase Order. Seller shall furnish, if and when requested by Buyer, affidavits that all bills have been paid, such affidavit to be supported by receipted bills, if required by Buyer. Prior to payment, at Buyer's request, Seller shall release Buyer of all liens and claims (and cause all suppliers to release Buyer of all liens and claims) on a form acceptable to Buyer.

12. **TAXES:** When applicable, federal, state, and local taxes, social security, unemployment, transportation, sales, and use tax, are included in the amount of this Purchase Order. Any such taxes are to be paid direct by the Seller. In the event of the imposition on the Buyer of any tax on the services herein furnished, Seller agrees to reimburse the Buyer upon presentation of an invoice of the tax so paid supported by appropriate documentation.

13. **INSURANCE, SAFETY AND CLAIMS:** In the event that Seller or its employees or agents are required to come onto a job site or project of Buyer in any connection with the rendering of services under this Purchase Order, Seller agrees to (i) carry Commercial General Liability and Automobile Liability insurance covering personal injuries or death in the amount of $1,000,000 per occurrence, endorsed to name Buyer as additional insured, and written as primary policy coverage, (ii) provide for 10 days prior written notice to Buyer of any cancellation, and (iii) include an express waiver of subrogation by the insurance company against Buyer, unless otherwise specified by Buyer. Seller further agrees to provide and maintain Worker's Compensation Insurance in conformity with the laws of the state in which the services are performed. Seller is required to submit written proof of such insurance to Buyer prior to entrance on the job site. Seller specifically agrees that in the performance of services on the job site or project of Buyer the Seller is an independent contractor and employing unit subject as an employer to all applicable unemployment compensation, occupational health and safety, or similar statutes.

14. **PATENTS:** Seller undertakes and agrees to defend at Seller's expense, all suits, actions or proceedings in which Buyer, its successors, assigns, customers, or the users of its customers products and/or services, are made defendants for actual or alleged infringement of any U.S. or foreign patent, trademark, or licensing agreements resulting from the performance of services hereunder and further agrees to pay and discharge any and all judgments or decrees which may be rendered in any such suit, action or proceedings against defendants therein.

15. **COMPLIANCE WITH LAWS:** In the performance of this Purchase Order, and with respect to all services provided hereunder, Seller shall comply with all federal, state or local laws and regulations.

16. **START-UP AND TESTING:** If start-up and/or testing by representatives of the manufacturer of any material provided under this Purchase Order is required, the amount of One Tenth of the gross amount of this Purchase Order is apportioned as the cost of this testing and will not be paid until satisfactory completion of testing, start-up and approval by the Buyer.

17. **RENTAL:** In the event that this Purchase Order covers the rental of tangible personal property, with or without the option to purchase, the lessor assumes responsibility for all personal property taxes and use taxes, if any, which may be levied upon said tangible personal property while in the possession of the lessee.

18. **APPLICABLE LAW:** This Purchase Order and the interpretation hereof shall be governed by the laws of the actual place of performance of services and the Uniform Commercial Code as adopted in the said state.

19. **WAIVER:** Buyer's failure to insist on performance of any term, condition or instruction or to exercise any right or privilege here included, or its waiver of any breach, shall not thereafter waive any such term, condition, instruction and/or any right or privilege.

20. **DELIVERY; ELECTRONIC SIGNATURES.** If indicated on the first page of this Purchase Order, this Purchase Order, and any change order or other amendment hereto, and any lien waiver or invoice hereunder, may be signed and delivered in electronic form, limited to digital versions (such as .pdf, .tif and .jpg) sent by email to the email address set forth on this Purchase Order. In such event, the fully signed and delivered Purchase Order, change order or other amendment, or invoice, and the signatures thereon, shall be binding and enforceable between the parties, and such permitted electronic forms shall be treated as original documents, with a presumption of authenticity. If email delivery is not indicated on the first page of this Purchase Order, then the parties shall exchange

*Page 2 of 3*

original signatures by hand delivery or nationally recognized overnight courier to the physical addresses set forth on the first page of this Purchase Order.  Anything herein to the contrary notwithstanding, (i) payments made hereunder shall be made by mailing or delivery of a check to the physical address of Seller set forth on the first page of this Purchase Order; (ii) no change can be made to the address to which delivery of payments is made except by delivery to Buyer, at its address set forth on the first page of this Purchase Order, of an original change of payment address directive, signed by an authorized officer of Seller.

EXHIBIT "B"

**SEND INVOICES TO:**

B. F. Saul Property Company
c/o The Hay Adams/Hay Adams Holdings LLC
800 16th St. NW
Washington, DC          20006
Attn:   Colette E.M. Marquez
*Important: Indicate P.O. number on all invoices.
SEND ELECTRONIC INVOICES TO: capitalinvoices@bfsaul.com

| DATE | PURCHASE ORDER NUMBER |
|---|---|
| 10/19/16 | HA - 31938 |

Executed By: Hotel / Corporate
GENERAL
CATEGORY: Headboard Fabrication

**SELLER'S NAME AND ADDRESS:**

| | |
|---|---|
| NAME: | Bramson House Inc. |
| STREET: | 151 Albany Avenue |
| CITY/ST: | Freeport, NY          ZIP.   11520 |
| ATTN: | Barry Silverman - bsilverman@bramsonhouse.com |
| PHONE: | 516-764-5005          FAX:   516-764-4539 |

**SHIP TO:**

| | |
|---|---|
| NAME: | HFS, Inc./Kane Warehouse |
| STREET: | 10101 Business Parkway |
| CITY/ST: | Lanham, MD 20706 |
| Phone # | 301-552-5360 |
| ATTN: | Evangela Robinson |

**Instructions:**
1. Execute below and return via:  Invoice address above  √ pdf file/email
2. Return a copy of your certificate of insurance naming Buyer as an additional insured. (If Applicable)
3. A Partial or Final Waiver of Lien must be executed, notarized and returned to the buyer with each payment request. (If Applicable)
4. All invoices must have a labor and materials breakdown

| PROJECT NUMBER | COST CODE | AMOUNT |
|---|---|---|
| HAY-20 | 35-527 | $58,895.00 |
| TAX          0.0575 | | $3,386.46 |
| FREIGHT | TBD | $0.00 |
| TOTAL AMOUNT ⟶ | | $62,281.46 |

**DESCRIPTION**

SCOPE OF WORK  Provide all labor, materials, equipment and services necessary to complete the following work:

| Quantity | Product/Item/Labor | Unit | Cost Per Unit | Total Cost |
|---|---|---|---|---|
| | | | | 0.00 |
| | Per attached quote: | | | 0.00 |
| | | | | 0.00 |
| 7 | Twin | ea | 260.00 | 1,820.00 |
| | | | | 0.00 |
| 62 | Full | ea | 300.00 | 18,600.00 |
| | | | | 0.00 |
| 34 | Queen | ea | 300.00 | 10,200.00 |
| | | | | 0.00 |
| 65 | King | ea | 435.00 | 28,275.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | Sub-Total | | | 58,895.00 |

**ATTACHMENTS:**
1. Purchase Order Terms and Conditions
2. A Partial Waiver of Lien , Final Release & Waiver of Lien and Affidavit

**OTHER:**

Please coordinate all work and deliveries with the General Manager - ALL DELIVERIES MUST GIVE 24 HOUR NOTICE!

**VALUE:**   The value of this purchase order shall not exceed          $62,281.46  without prior written authorization from an officer of the Buyer,
B.F. Saul Property Company. Buyer has the right to terminate this Contract at any time upon written notice to Seller. Seller shall not be paid for work done after said notice.

**TERMS:**   Net: ___30___ Days

| SELLER: | Bramson House Inc. | BUYER: | B. F. Saul Property Company |
|---|---|---|---|
| SIGNED: | | | Agent for Hay Adams Holdings LLC |
| NAME: | Patricia Abramson | BY: NAME: | Mark Carey |
| TITLE: | Controller | TITLE: | President |
| FED TAX ID: | 11 2338683   CORPORATION Y N | BY: NAME: | Jim Walent |
| | | TITLE: | Vice President |
| DATE: | 11-4-16 | DATE: | 10/19/16 |

**IMPORTANT - THIS ORDER IS NOT VALID UNTIL FULLY EXECUTED BY BOTH PARTIES.** This order expressly limits acceptance to the terms stated, and any additional or different terms proposed by the Seller are rejected unless expressly assented to in writing.

HA - 31938

emailed 11/7/16

# 1.0 10/15/2015

## TERMS AND CONDITIONS FOR PURCHASE ORDER
### [Purchase of Goods]

1. **ACCEPTANCE OF PURCHASE ORDER:** This Purchase Order expressly limits acceptance to the terms, conditions and instructions stated herein, and any additional or different terms, conditions or instructions proposed by Seller are hereby rejected unless expressly assented to in writing by Buyer.

2. **CHANGES:** This Purchase Order (including the face page to which these Terms and Conditions are attached) contains the entire agreement of the parties. The parties shall not be bound by or be liable for any other statement, representation, promise, inducement, understanding or amendment or modification of any kind or nature not set forth herein or in a writing signed by both parties. Any reference to Seller's quotation does not imply acceptance of any term, condition, or instruction contained in such quotation. No course or prior dealings, no usage of the trade and no course of performance shall be relevant to supplement or explain any term in this Purchase Order or be deemed to effect any modification. Notwithstanding the foregoing, Buyer reserves the right at any time to make changes in specifications and other data incorporated in this Purchase Order, methods of shipment or packing, place of delivery, and time of delivery. All changes shall be made in writing by Change Order to this Purchase Order.

3. **ASSIGNMENT:** No assignment of any right, obligation or interest in proceeds or any delegation of duty under this Purchase Order shall be made without the express written consent of Buyer and any attempted assignment or delegation without such consent shall constitute a material breach of this Purchase Order.

4. **DELIVERY: CHECK ONE OPTION** [Checked Option becomes part of these Terms and Conditions]:
   _____ Transportation must be prepaid on all shipments. Charges for prepaid transportation must be substantiated by attaching to the invoice original transportation bills receipted by the carrier. Any provision herein for delivery of goods by installment shall not be construed as making the obligations of Seller severable. Risk of loss and/or damage for goods within the scope of Buyer's order shall be upon Seller until the goods are physically delivered to Buyer's job site or their specified destination, unless otherwise agreed to in writing and signed by Buyer. Shipments by parcel post or express shipments must be insured at full value. Deliveries will be accepted during normal working hours only.
   _____ Buyer will pick up goods at Seller's place of business as stated on the face page of this Purchase Order, or at such other address as Seller shall specify in a writing attached to this Purchase Order. Risk of loss and/or damage shall be upon Buyer starting at the time of acceptance at the location of pickup of the goods.
   _____ A logistics agent, acting as agent for Seller, will pick up goods at Seller's place of business as stated on the face page of this Purchase Order, or at such other address as Seller shall specify in a writing attached to this Purchase Order. Seller shall release the goods covered by this Purchase Order only upon presentation by such logistics agent of written authorization signed by Buyer. Risk of loss and/or damage for goods within the scope of Buyer's order shall be upon Buyer starting at the time of acceptance at the location of pickup of the goods.

5. **CONTINGENCIES:** Failure of Buyer to take delivery of goods hereunder or portions thereof when due if occasioned by Act of God, fire, explosion, flood, accident, or any circumstance of like character beyond the reasonable control of Buyer, or by interruption of or delay in transportation, labor trouble from whatever cause arising and whether or not the demands of the employees involved are reasonable and within Buyer's power to concede, and partial or complete suspension of Buyer's operations, shall not subject Buyer to any liability to Seller. At Buyer's option, the period specified for delivery of goods hereunder shall be extended by the period of delay occasioned by any such circumstance, and deliveries omitted (or portions thereof) shall be made during such extension, or the total Purchase Order hereunder shall be reduced by the deliveries (or portions thereof) so omitted. The provisions of this section shall be effective notwithstanding that such circumstances shall have been operative at the date of this Purchase Order.

6. **QUANTITY:** The quantity of goods indicated on the face hereof must not be exceeded without authority in writing being first obtained from Buyer. Buyer reserves the right to return overshipments and demand correction of undershipments. Buyer reserves the right to accept shipment subject to counting upon opening whenever such opening shall reasonably occur.

7. **PACKING AND CARTAGE:** No charge will be allowed for packing, boxing or cartage, unless agreed upon at the time of purchase, but damage to goods not packed to insure proper protection to same will be charged to Seller. Complete packing list must accompany each shipment. Each package, invoice, bill of lading and shipping notice must be marked plainly with Purchase Order number, Seller's name and address, project number, and Buyer's name and address. Where Seller is responsible for delivery, Seller must mark on all trucker slips, freight bills, bills of lading and shipping notices "Notify Buyer's representative at Project Site at least 48 hours prior to attempting delivery." No demurrage will be allowed if such notification is not made.

8. **INSPECTION:** Except as otherwise provided in this Purchase Order, all shipments shall be subject to final inspection by Buyer after receipt by Buyer at destination. Buyer reserves the right to reject and refuse acceptance of goods that are not in accordance with specifications or other data included in this Purchase Order or Seller's warranty (expressed or implied). Buyer will charge Seller for the cost of inspecting goods rejected. Goods not accepted will, at Buyer's option be (i) returned to Seller at Seller's expense, (ii) held by Buyer at Seller's expense; (iii) held by Buyer for an equitable reduction in price; (iv) repaired by Buyer at Seller's expense. Payment for any goods hereunder shall not be deemed an acceptance thereof.

9. **CANCELLATION:** Buyer may, be written notice to Seller, cancel the whole or any part of this Purchase Order if Seller (i)fails to deliver items and materials required within the time provided under this Purchase Order or any mutually agreed upon extension of time; (ii) fails to perform any of the provisions of this Purchase Order or fails to make progress so as to endanger performance of this Purchase Order in accordance with its terms; (iii) or becomes insolvent or makes an assignment for the benefit of creditors or commits an act of bankruptcy or files or has filed against it a petition in bankruptcy or reorganization proceedings. In the event Buyer cancels this Purchase Order in whole or in part, Buyer may procure, upon such terms and in such manner as Buyer may deem appropriate, items similar to those so cancelled and Seller shall be liable to Buyer for any excess costs for such similar items, including any damage resulting to Buyer as a consequence of Seller's default. In addition to the above rights, Buyer may, at its

*Page 1 of 3*

option, require Seller to deliver to Buyer any completed or incomplete items or material related to this Purchase Order. The rights and remedies of Buyer provided in this section shall not be exclusive and are in addition to any other rights and remedies provided by law or under this Purchase Order.

Additionally, the Buyer shall have the right to cancel all or any separate part of this Purchase Order by written notice for the sole convenience of the Buyer. At the time of such notice, the Seller shall discontinue all work pertaining thereto, place no additional purchase orders, and cancel or modify existing Purchase Orders on the best possible terms. Pending Buyer's instructions the Seller shall preserve and protect material on hand, work in progress, and completed work, both in its own and in its suppliers' plants. The Buyer will reimburse the Seller for all costs accrued as a result of the cancellation for convenience plus ten percent (10%) of such accrued cost as just compensation for overhead and profit, the total not to exceed the contract price. All materials so covered shall remain the property of the Buyer unless agreed upon otherwise in writing.

10. **WARRANTY:** In addition to any warranty in fact or implied by law, Seller hereby expressly warrants that all goods covered by this Purchase Order will conform to the specification, data, samples, or other description, furnished or incorporated as a part of this Purchase Order and will be fit and sufficient for the purposes intended, merchantable, or good material and workmanship and free from defect. Seller specifically agrees to warrant and guarantee the goods and to make good, at Seller's expense, any defect in materials or workmanship which may occur or develop. Seller agrees to indemnify, defend and to hold harmless Buyer against any and all liabilities whatsoever for damages and/or injuries to persons or property which may be incurred by Buyer by virtue of defective materials or workmanship in the goods furnished hereunder, including all cost and reasonable attorney's fees incurred. Seller agrees that these warranties shall survive inspection, acceptance and payment for said goods. These warranties shall run to the Buyer, its successors, assigns, customers and the users of its customer's products and Seller agrees to provide directly to the ultimate user written evidence of these warranties as requested. In addition, Seller agrees to indemnify and reimburse Buyer, its successors, assigns, customers and the users of its customers' products for any cost incurred in enforcement of these warranties and any damage incurred by Buyer in connection with a breach of these warranties.

11. **INVOICES:** Seller shall prepare a separate invoice for each Purchase Order, showing Purchase Order number, cash discount terms, point of shipment, transportation charges prepaid, date and location of delivery, and Project Name. Send all invoices to the address on the face of this Purchase Order. Payment shall be made against original invoices only.

12. **PRICE AND PAYMENT:** Prices stated on this Purchase Order are firm, not subject to escalation and include all federal, state and local taxes, duties and import surcharges unless otherwise stated. Discount date, or due date, will be calculated from the later of the date the invoice is received by Buyer, or the date the goods are received and are acceptable in accordance with Purchase Order terms, conditions, and instructions. Unless otherwise stated on the face of this Purchase Order, all invoices shall be Net 30 days. If price is not stated in this Purchase Order, Seller agrees to bill Buyer at the price last quoted, or at the prevailing market price, whichever is lower.

Payment will be made by Buyer upon receipt of Seller's invoice, but only after inspection and acceptance of the goods and receipt by Buyer of the executed acknowledgement copy of this Purchase Order. Seller shall furnish, if and when requested by Buyer, affidavits that all bills have been paid, such affidavit to be supported by receipted bills, if required by Buyer. Prior to payment, at Buyer's request, Seller shall release Buyer of all liens and claims (and cause all suppliers to release Buyer of all liens and claims) on a form acceptable to Buyer.

13. **TAXES:** When applicable, federal, state, and local taxes, social security, unemployment, transportation, sales, and use tax, are included in the amount of this Purchase Order. These taxes are to be paid direct by the Seller. In the event of the imposition on the Buyer of any tax on the goods or services herein furnished, Seller agrees to reimburse the Buyer upon presentation of an invoice of the tax so paid supported by appropriate documentation.

14. **INSURANCE, SAFETY AND CLAIMS:** In the event that Seller or its employees or agents are required to come onto a job site or project of Buyer in any connection with the sale of goods under this Purchase Order, Seller agrees to (i) carry Commercial General Liability and Automobile Liability insurance covering personal injuries or death in the amount of $1,000,000 per occurrence, be endorsed to name Buyer as additional insured, and written as primary policy coverage, (ii) provide for 10 days prior written notice to Buyer of any cancellation, and (iii) include an express waiver of subrogation by the insurance company against Buyer, unless otherwise specified by Buyer. Seller further agrees to provide and maintain Worker's Compensation Insurance in conformity with the laws of the state in which the sale of goods is performed. Seller is required to submit written proof of such insurance to Buyer prior to entrance on the job site. Seller specifically agrees that in the sale of goods on the job site or project of Buyer the Seller is an independent contractor and employing unit subject as an employer to all applicable unemployment compensation, occupational health and safety, or similar statutes.

15. **PATENTS:** Seller undertakes and agrees to defend at Seller's expense, all suits, actions or proceedings in which Buyer, its successors, assigns, customers, or the users of its customers products, are made defendants for actual or alleged infringement of any U.S. or foreign patent, trademark, or licensing agreements resulting from the use or sale of the goods purchased hereunder and further agrees to pay and discharge any and all judgments or decrees which may be rendered in any such suit, action or proceedings against defendants therein.

16. **COMPLIANCE WITH LAWS:** In the performance of this Purchase Order, and with respect to all goods provided hereunder, Seller shall comply with all federal, state or local laws and regulations.

17. **START-UP AND TESTING:** If start-up and/or testing by representatives of the manufacturer of any material provided under this Purchase Order is required, the amount of One Tenth of the gross amount of this Purchase Order is apportioned as the cost of this testing and will not be paid until satisfactory completion of testing, start-up and approval by the Buyer.

18. **RENTAL:** In the event that this Purchase Order covers the rental of tangible personal property, with or without the option to purchase, the lessor assumes responsibility for all personal property taxes and use taxes, if any, which may be levied upon said tangible personal property while in the possession of the lessee.

*Page 2 of 3*

19. **APPLICABLE LAW:** This Purchase Order and the interpretation hereof shall be governed by the laws of the actual place of performance and the Uniform Commercial Code as adopted in the said state.

20. **WAIVER:** Buyer's failure to insist on performance of any term, condition or instruction or to exercise any right or privilege here included, or its waiver of any breach, shall not thereafter waive any such term, condition, instruction and/or any right or privilege.

21. **DELIVERY; ELECTRONIC SIGNATURES.** If indicated on the first page of this Purchase Order, this Purchase Order, and any change order or other amendment hereto, and any lien waiver or invoice hereunder, may be signed and delivered in electronic form, limited to digital versions (such as .pdf, .tif and .jpg) sent by email, to the email address set forth on this Purchase Order. In such event, the fully signed and delivered Purchase Order, change order or other amendment, or invoice, and the signatures thereon, shall be binding and enforceable between the parties, and such permitted electronic forms shall be treated as original documents, with a presumption of authenticity. If email delivery is not indicated on the first page of this Purchase Order, then the parties shall exchange original signatures by hand delivery or nationally recognized overnight courier to the physical addresses set forth on the first page of this Purchase Order. Anything herein to the contrary notwithstanding, (i) payments made hereunder shall be made by mailing or delivery of a check to the physical address of Seller set forth on the first page of this Purchase Order; (ii) no change can be made to the address to which delivery of payments is made except by delivery to Buyer, at its address set forth on the first page of this Purchase Order, of an original change of payment address directive, signed by an authorized officer of Seller.

*Page 3 of 3*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**                                INDEX No.

BRAMSON HOUSE, INC.,

*Plaintiff,*

-against-

B. F. SAUL PROPERTY COMPANY and HAY ADAMS HOLDING, LLC.,
*Defendants.*

### SUMMONS and VERIFIED COMPLAINT

**GILBERT L. BALANOFF, P.C.**
Attorneys for Plaintiff
*Office and Post Office Address, Telephone*
1539 Franklin Avenue, Suite 101
Mineola, New York 11501-4806
(516) 741-6996

To:                                Signature (Pursuant to 22 NYCRR 130.1-1-a)

GILBERT L. BALANOFF

*Service of a copy of the within*                                *is hereby*
*admitted.*

Dated:

*Attorney(s) for*

**PLEASE TAKE NOTICE:**

__ **NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a                     du
the within named court on *********

__ **NOTICE OF SETTLEMENT**
that an order ************** of which the within is a true copy will be presen
HON.******* one of the judges of the within Court, at ************** on ***
Dated:

Yours, etc.

GILBERT L. I

Cavalier
Courier